<u>NOT FOR PUBLICATION</u>

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| MICHAEL SEVENS MARTINEZ, | : | CIV. NO. 19-21102 (RMB-AMD) |
| | : | |
| Plaintiff | : | |
| v. | : | **OPINION** |
| | : | |
| THE UNITED STATES | : | |
| OF AMERICA, | : | |
| | : | |
| Defendant | : | |

_____

Michael Sevens Martinez
#31763-051
FCI-Fairton
P.O. Box 420,
Fairton, New Jersey 08320
        Plaintiff, *pro se*

Kristin Lynn Vassallo, Assistant United States Attorney
Office of the United States Attorney
District of New Jersey
970 Broad Street
Newark, New Jersey 07102
        Attorney for Defendant United States of America


BUMB, United States District Judge

        Plaintiff Michael Sevens Martinez ("Plaintiff") brought this action against

Defendant United States of America ("Defendant") to recover damages under the

Federal Tort Claims Act, 28 U.S.C. § 1346(b) and 28 U.S.C. § 2671, *et. seq.*, for

injuries he sustained while incarcerated in the Federal Correctional Institution in

Fairton, New Jersey ("FCI Fairton"). This matter is now before the Court upon Defendant's motion to dismiss and brief in support thereof (Mot. to Dismiss, Docket. No. 15; Def's Brief, Docket No. 15-2), Plaintiff's brief in opposition to Defendant's motion to dismiss (Pl's Opp. Brief, Docket No. 19), and Defendant's reply brief (Docket No. 20.) This Court will decide the motion on the briefs without an oral hearing pursuant to Federal Rule of Civil Procedure 78(b). For the reasons discussed below, the Court will deny without prejudice Defendant's motion to dismiss for lack of jurisdiction, and permit Plaintiff to take limited jurisdictional discovery on whether the  exclusive remedy for his injury on March 26, 2019, lies in the Inmate Accident Compensation Act, thus precluding this Federal Tort Claim action.

I.     **BACKGROUND**

   A.     **Procedural History**

   Prior to filing his complaint in this matter, on May 21, 2019, Plaintiff filed an administrative tort claim with the Federal Bureau of Prisons ("BOP") seeking $225,000 for injuries he sustained at FCI Fairton on March 26, 2019.  (Declaration of Ondreya Barksdale[1] ("Barksdale Decl."), Ex. B; Docket No. 15-5 at 6-10.) On June 14, 2019, the BOP denied Plaintiff's administrative tort claim, advising him that "[t]he proper remedy for an inmate work-related injury is the Inmate Accident Compensation System as set forth in 18 U.S.C. § 4126 and 28 C.F.R. Part 301" and that, if he wanted

---

[1] Ondreya Barksdale is a Paralegal Specialist employed by the BOP Northeast Regional Office who has access to records contained in the ordinary course of business. (Barksdale, Decl., Docket No. 15-4.)

to file a claim under this system, he "should contact the Safety Manager at the institution where you are confined to acquire the proper forms, [which] should be submitted at or near the time of release from confinement." (Barksdale Decl., Ex. C; Docket No. 15-5 at 12.) Plaintiff filed the complaint in this case on December 5, 2019. (Compl., Docket No. 1.) On June 16, 2020, the Court dismissed the FTCA claims asserted against several officers in their official capacities and permitted the FTCA claim to proceed against the United States of America. (Opinion and Order, Docket Nos. 4, 5.) On November 12, 2021, the U.S. Marshals Service served the summons and complaint on Defendant. (Docket No. 14.) Defendant now moves to dismiss the complaint for lack of jurisdiction under Fed. R. Civ. P. 12(b)(1), asserting the Inmate Accident Compensation Act provides the exclusive remedy for Plaintiff's work-related injury in prison. Plaintiff opposes dismissal of the complaint without jurisdictional discovery to show he was not voluntarily performing a work assignment with staff approval at the time of his injury.

### B.   The Complaint

Plaintiff alleges the following facts in his complaint, relevant to Defendant's motion to dismiss for lack of jurisdiction. In March 2019, Plaintiff was incarcerated in FCI-Fairton, where he was assigned to work as a B-Left Unit A.M. Orderly, in the housing unit where he lived. (Compl, Docket No. 1, § IV, ¶ 1.) Inmates must comply with any correctional officer's order or be subjected to disciplinary proceedings that may result in harsher conditions for the inmate. (*Id.*, ¶ 2.) On March 22, 2019, Plaintiff was instructed to report to the "Chow Hall" (or "dining hall") for his unit on the

following Monday morning. (Compl., Docket No. 1, § IV, ¶ 3.) He did so on March 25, 2019, when he was assigned by Officer Marcheese, along with several fellow inmates, to strip the Chow Hall floor of wax and clean it. (*Id.*, ¶¶ 4-8.)  The inmates did not complete the project that day, and Officer Marcheese ordered them to return the next morning to finish the job. (*Id.*, ¶ 9.) On March 26, 2019, while disposing of the dirty water containing the chemicals Plaintiff was provided to strip and clean the floor by crossing a broken area of concrete by the loading dock, the water spilled on Plaintiff's feet, causing chemical burns. (*Id.*, ¶¶ 10-14.) Ultimately, Plaintiff required surgery for severe burns. (*Id.*, ¶ 20.)

Plaintiff alleges Defendant was negligent in providing a safe environment and workplace. *(Id.*, ¶¶ 26-27.) Relevant here, Plaintiff further alleges:

> The aforementioned ordered duties that resulted in Plaintiff's aforementioned injuries, being not in the area he was assigned to work in, being not of the type he volunteered for, being not of the type he received any wages whatsoever for, and being not of the discipline-based "extra-duty" type, are best characterized as "extraneous duties."

(*Id.*, ¶ 24, *see also* ¶¶ 33-35.)

## II.   DISCUSSION

### A.   Rule 12(b)(1) Standard of Law

Federal Rule of Civil Procedure 12(b)(1) permits a party to challenge a complaint for lack of subject matter jurisdiction in lieu of filing an answer. A factual challenge to subject matter jurisdiction, unlike a facial challenge, "attacks the factual allegations underlying the complaint's assertion of jurisdiction" by presenting

competing facts. *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016) (quoting *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014). A factual challenge to subject matter jurisdiction allows "a court [to] weigh and consider evidence outside the pleadings." *Id.* (internal quotation marks omitted). Plaintiff has the burden of proof to establish jurisdiction by a preponderance of the evidence. *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015). "[I[n reviewing a factual attack, the court must permit the plaintiff to respond with rebuttal evidence in support of jurisdiction, and the court then decides the jurisdictional issue by weighing the evidence." *Id.* If there is a material disputed fact, the court must conduct a hearing. *Id.*

**B.**   **Defendant's Assertion of Jurisdictional Facts**

Defendant argues that the Inmate Accident Compensation Act provides the exclusive remedy for Plaintiff's injuries. (Def's Brief, Docket No. 15-2 at 5.) Defendant submits the following facts to establish that the Inmate Accident Compensation Act covers Plaintiff's claim:

- Martinez was assigned to work as a compound orderly at FCI Fairton. ("Barksdale Decl."), Ex. D (Inmate History/Work Detail) at 1 (noting assignment to "CCS Orderly PM-2").

- Martinez reported to FCI Fairton Health Services on March 26, 2019, for a"[w]ork-related encounter." Barksdale Decl., Ex. E (March 26, 2019 Clinical Encounter Note) at 1.

- During that visit, Martinez reported that he was stripping the floor of the dining area when the floor stripper splashed into his boot.

- Inmate account records attached to Martinez's complaint indicate that he was paid $18.75 on April 3, 2019 for work performed on the inmate work detail in March 2019. (Docket No. 1-1 at 42.)

Thus, Defendant submits that Plaintiff was performing a paid work-assignment when injured while stripping and cleaning the floor on March 26, 2019 at FCI Fairton. (Def's Brief, Docket No. 15-2 at 12.) Defendant addresses Plaintiff's allegation that he was ordered to perform extraneous duties beyond his prison work assignment; first, Plaintiff's job title was CCS Orderly PM-2, not the a.m. shift, as Plaintiff alleged in the complaint. (Def's Brief, Docket No. 15-2 at 12.) Second, even if the work assignment was outside of his housing unit work detail, the IACA applies to "inmate injuries 'suffered . . . in any work activity in connection with the maintenance or operation of the institution in which the inmate [is] confined.'" (*Id.* at 12, quoting 18 U.S.C. § 4126(c)(4)). The implementing regulation defines "work-related injury" as "any injury . . . proximately caused by the actual performance of the inmate's work assignment." (*Id.* at 13, citing 28 C.F.R. § 301.102(a); *Uptegrove v. United States*, No. 16-7027 (PED), 2018 WL 11187138, at *3 (S.D.N.Y. May 30, 2018).

Finally, Defendant contends,

> "even if the injury does not occur in relation to an inmate's regular or paid work assignment, an inmate may still obtain compensation under the IACA if the injury occurred during the performance of voluntary work in the operation or maintenance of the institution, when such work has been approved by staff." *Uptegrove v. United States*, No. 16-7027 (PED), 2018 WL 11187138, at *3 (S.D.N.Y. May 30, 2018) (citing 28 C.F.R. § 301.301(b)).

(*Id.*)

## C.   <u>Plaintiff's Opposition Brief</u>

In opposition to dismissal of the complaint, Plaintiff seeks discovery of documents from Defendant to establish that he was not performing a voluntary work assignment at the time of the injury. (Pl's Opp. Brief, Docket No. 19 at 3-5.) Specifically, Plaintiff seeks to discover:

- His pay statement information to show he was not paid for work on the day he was injured;

- His work schedule information, showing he was a P.M. Orderly, thus not working in the A.M. when he was injured;

- Information identifying his work assignment and duties;

- Information identifying his time of injury;

- Information identifying his objection to helping the other inmates in the dining hall on the date he was injured;

- Declarations supporting Plaintiff's position that he was not working on the date he was injured.

(Pl's Opp. Brief, Docket No. 19 at 7-9.)  Plaintiff believes discovery will show that he was "made by BOP staff to volunteer to help inmate dining hall workers, under protest." (*Id.* at 10.) Specifically, Plaintiff submits that declarations of inmate witnesses will establish that, on the day he was injured, he had the day off and was not paid, and he objected to BOP staff making him help the inmate dining hall workers because they were short-handed. (*Id.* at 14-15.)

**D.**   **Defendant's Reply Brief**

Defendant maintains that discovery would not assist Plaintiff because, even if the allegations in the complaint are taken as true, the IACA governs his claim because his injury occurred during his voluntary performance of work in the maintenance of the institution, and the work was approved by staff. (Reply Brief, Docket No. 20 at 6-7, citing *Uptegrove*, 2018 WL 11187138, at *3 (S.D.N.Y. May 30, 2018) and *Dean v. United States*, No. 14-184, 2014 WL 7020186, at *3 (D.N.H. Dec. 10, 2014)).

**E.**   **The IACA**

The IACA provides in relevant part:

> in paying, under rules and regulations promulgated by the Attorney General, compensation to inmates employed in any industry, or performing outstanding services in institutional operations, not less than 15 percent of such compensation for any inmate shall be reserved in the fund or a separate account and made available to assist the inmate with costs associated with release from prison, and compensation to inmates or their dependents for injuries suffered in any industry or in any work activity in connection with the maintenance or operation of the institution in which the inmates are confined.

18 U.S.C.A. § 4126(c)(4).  The Federal Tort Claims Act, enacted twelve years after the IACA, does not protect federal prisoners who are already protected by 18 U.S.C. § 4126. *United States v. Demko*, 385 U.S. 149, 152 (1966). "In 1961 Congress expanded the coverage of 18 U.S.C. § 4126 to include not only prisoners' injuries suffered in 'any industry' but also in 'any work activity in connection with the maintenance or operation of the institution where confined.' Act of September 26, 1961, 75 Stat. 681.

18 U.S.C. § 4126." *Id.* at 153. The BOP implemented the statute by regulation, stating in relevant part:

> (b) Compensation may only be paid for work-related injuries or claims alleging improper medical treatment of a work-related injury. This ordinarily includes only those injuries suffered during the performance of an inmate's regular work assignment. However, injuries suffered during the performance of voluntary work in the operation or maintenance of the institution, when such work has been approved by staff, may also be compensable.

28 C.F.R. § 301.301(b).

### F.   Analysis

Not wishing to engage in discovery, in its reply brief, Defendant mounts a facial attack to subject matter jurisdiction, asserting that even if Plaintiff's allegations are accepted as true, his injury arose during his performance of voluntary work approved by staff in the operation or maintenance of the institution, as defined in 28 C.F.R. § 301.301. In *Uptegrove*, the plaintiff alleged that he was not paid for, or formally assigned to, the work that he was performing when he was injured. *Uptegrove*, 2018 WL 11187138, at *4. In that case, which raised a factual challenge to subject matter jurisdiction, deposition transcripts unequivocally established that the plaintiff was performing his work assignment as a SHU orderly. *Id.* Here, Defendant has not submitted any prior statements by Plaintiff that he was performing his job as an orderly for his housing unit when he was injured. Rather, Plaintiff alleges he was ordered, against his objection, to help the inmates who were assigned to strip and clean the floors in the dining hall, which he seeks to establish through discovery.

Defendant also relies on *Dean*, 2014 WL 7020186.  In *Dean*, the injured inmate argued that work log notes would show he did not want to do the task that was requested by an officer who was not his supervisor and was not in his normal work location. The court found, however, that the injured inmate "received payment for work performed in a number of different capacities for departments other than the Powerhouse at FCI–Berlin both before and after his injuries; there appears to be nothing unusual about Dean's working for a different department." *Dean*, 2014 WL 7020186, at *3.  The court concluded that the plaintiff was performing a work assignment with the approval of FCI-Berlin staff. *Id.* Here, Defendant has not offered evidence that would permit this Court to conclude that Plaintiff's regular work assignment involved working in different areas of the prison under different supervisors.

Furthermore, accepting Plaintiff's allegations as true upon a facial attack of subject matter jurisdiction, he did not volunteer for unpaid work performed outside the hours and location of his regular work assignment. Instead, he alleges that Corrections Officer Marcheese ordered him to perform the work over his objection because the inmates assigned to that particular work detail were short-handed. According to the allegations in the complaint, Plaintiff performed the work he was ordered to do only because he could be disciplined for refusing. "[I[n reviewing a factual attack, the court must permit the plaintiff to respond with rebuttal evidence in support of jurisdiction, and the court then decides the jurisdictional issue by weighing

the evidence." *Lincoln Ben. Life Co.*, 800 F.3d at 105. Therefore, this Court will deny the motion to dismiss without prejudice and permit limited jurisdictional discovery.

## IV.   CONCLUSION

For the reasons discussed above, the Court will deny without prejudice Defendant's motion to dismiss for lack of jurisdiction and permit the parties to engage in limited jurisdictional discovery.

An appropriate Order follows.

Date:  **August 4, 2022**

s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**United States District Judge**