IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| MICHAEL SEVENS MARTINEZ, | : | |
| | : | CIV. NO. 19-21102 (RMB-AMD) |
| Plaintiff | : | |
| v. | : | **MEMORANDUM AND ORDER** |
| | : | |
| THE UNITED STATES | : | |
| OF AMERICA, | : | |
| | : | |
| Defendant | : | |

This matter comes before the Court upon Pro Se Plaintiff Michael Martinez's motion to strike Defendant's answer (Dkt. No. 26), and Defendant's brief in opposition to Plaintiff's motion to strike (Dkt. No. 28). For the reasons discussed below, the Court will deny Plaintiff's motion to strike.

In his complaint, Martinez alleges liability of the United States under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) and 2871 *et seq.*, for the negligence of federal employees at the Federal Correctional Institution in Fairton, New Jersey, who allegedly caused Plaintiff to suffer injuries while using chemicals to strip the cafeteria floor. *Martinez v. United States*, No. 19-21102 (RMB), 2022 WL 3098101, at *2 (D.N.J. Aug. 4, 2022). The Government moved to dismiss the complaint for lack of jurisdiction, arguing that the Inmate Accident Compensation Act (the "IACA") provides the exclusive remedy for his claim, because his injuries occurred while he was performing work as an inmate orderly. *See id.* at *2, 4. On August 4, 2022, this Court denied the Government's motion to dismiss without prejudice, and allowed the parties

to engage in limited jurisdictional discovery. *Martinez*, 2022 WL 3098101, at *4. Following the Court's decision, the Government filed an answer to the complaint. (Dkt. No. 23.)

In his motion to strike the answer, Martinez argues the answer is premature because the Court has not ruled on its subject matter jurisdiction. (Dkt. No. 26 at 2.) Martinez is concerned that he will be prejudiced if the Court addresses the merits of action before determining jurisdiction. (*Id.*)

Federal Rule of Civil Procedure 12(a)(4)(A) provides:

> (4) Effect of a Motion. Unless the court sets a different time, serving a motion [to dismiss] under this rule alters these periods as follows:
>
> (A) if the court denies the motion or postpones its disposition until trial, the responsive pleading must be served within 14 days after notice of the court's action….

Thus, it would be improper for this Court to strike the answer because it is required by the Federal Rules of Civil procedure. This Court will determine its jurisdiction before addressing the merits of the complaint or Defendant's answer. Therefore, Plaintiff will not be prejudiced.

**IT IS** therefore on this **5th day of April 2023**,

**ORDERED** that Plaintiff's motion to strike the answer (Dkt. No. 26) is **DENIED**; and it is further

**ORDERED** that the Clerk shall serve a copy of this Order on Plaintiff by regular U.S. mail.

s/Renée Marie Bumb<br>
**RENÉE MARIE BUMB**<br>
**United States District Judge**